LAW OFFICES
# MICHAEL S. WASHOR, ESQ. P.C.
233 BROADWAY, SUITE 1800
NEW YORK, NY 10279

———————

**NICHOLAS J. PINTO, ESQ.**　　　　　　　　　　　TELEPHONE 212/ 697-5900
*Of Counsel*　　　　　　　　　　　　　　　　　　FACSIMILE 212/ 406-2313
　　　　　　　　　　　　　　　　　　　　　　　　E-MAIL: mswesq2000@aol.com

October 6, 2009

Hon. Nina Gershon
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

　　　　　　　　　Re:　United States v. Mizanur Rahman,
　　　　　　　　　　　　07-cr-658-01(NG)

Dear Judge Gershon:

　　　We submit this letter memorandum in support of our sentencing request that Mizanur Rahman receive a non-guideline sentence.

**<u>Introduction</u>**

　　　Pursuant to 18 USC § 3553(a)(4), the sentencing court must "consider the guidelines range applicable to the defendant," and 3553(a)(5) directs the court to consider any relevant policy statements issued by the Sentencing Commission, including departure authority.

　　　Once the applicable guideline range has been determined, the sentencing court has the duty to "consider" it along with all of the factors listed in 3553(a). While the Second Circuit has given no specific guidance as to what weight to give to the applicable guideline range, it appears to be up to the court's discretion in determining what is reasonable in the circumstances of each case.

　　　The sentencing judge must consider the guidelines and all of the other factors listed in section 3553(a); consideration of the Guidelines will normally require determination of the applicable

Guidelines range, or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. The sentencing judge should decide, after considering the guidelines and all other factors set forth in 3553(a), whether (i) to impose the sentence that would have been imposed under the guidelines, ie., a sentence within the applicable guideline range or within permissible departure authority, or (ii) to impose a non-guidelines sentence; and finally, the sentencing judge is entitled to find all the facts appropriate for determining either a guidelines sentence or a non-guidelines sentence. See, United States v. Crosby, 03-1675 (2d Cir)(January 14, 2005).

Here, in light of the advisory guideline range, together with an analysis of the factors listed in Title 18 USC § 3553, specifically the defendant's character and the defendant's cooperation with the government, a non custodial sentence appears to be appropriate.

**Mizanur Rahman**
The pedigree recited in the pre-sentence report is adequate, thus, we direct the courts attention to a few select items pertinent to the motion at hand.

**Background**
Mizanur Rahman was born in Dhaka, Bangladesh on January 28, 1967. His youth was spent living in both Bangladesh and Saudi Arabia, with his father. He enjoyed an unremarkable but happy and productive youth. The Mr. Rahman's mother is still alive and currently resides in Dhaka. His father passed away some years ago from a heart attack. Mizanur remains a source of financial support to his mother.

Mizanur moved to the United States in 1989. Upon entering the country, Mr. Rahman became a full time student. Upon his graduation in 1994, he began working as a computer repairman. Worthy of note, the defendant has been employed steadily ever since. The Probation report outlines an impressive history as the defendant steadily moved up in pay grade and in responsibility.

Unfortunately, the defendant was fired from his last position with as a Contractor for Con Edison days after he pled guilty before this court because of the felony conviction. Notably, he earned $105,000 annually at that position.

Mizanur met and married Khodem Begum in 2005. The two are currently married and enjoy a healthy and happy marriage. They have two children, Nabila Rldi (5 years old) and Sheikh Ar Rahman (1 year old) and are expecting their third child as Ms. Begum is approximately three months pregnant. They do enjoy a happy relationship and Ms. Begum, who is fully aware of Mr. Rahman's conviction and is aware of the possible consequences of his conviction, indicated to the Probation

department that she is supportive of him. In fact, she indicated that she is keeping an eye on him to make sure he does not get into trouble.

**The Guidelines and Policy Statements**

Notwithstanding the negotiated plea, there is a dispute with the guideline level set forth in the pre-sentence report, the method used to determine the loss amount attributable to Mizanur Rahman. We have detailed the defendants objections to the Pre Sentence report by separate letter.

**18 USC §3553(a)**

The sentencing court is directed by 18 U.S.C. § 3553(a) to consider (*in relevant part*),

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed -
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;

An analysis of the factors listed above, together with and separate from the guidelines determination, support the imposition of a non custodial sentence.

*First,* the defendant pled guilty to a non-violent, non-drug related offense, and importantly, the defendant was a minor participant in the overall scheme. The history and characteristics of the defendant as indicated herein and in the pre-sentence report reflect positively on the defendant, portraying a gainfully employed, college graduate, as well as an involved husband and parent. This weighs heavily against recidivism as does the defendants age. See *Measuring Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines,* at p. 28 (2004) *www.ussc.gov/publicat/Recidivism_General.pdf*. (stating that for those defendants in Criminal History Category I, the recidivism rate for defendants who are between the ages of 41 and 50 is 6.9 percent whereas the recidivism rate for such defendants who are between the ages of 31 and 40 is greater than 12 percent)

Mr. Rahman is a hardworking industrious man who has worked steadily his entire life. Since his arrest, the defendant has focused his life on work and supporting his family, and in this endeavor, he has flourished.

*Second,* since this is a non-violent/ non drug related offense, and there are no allegations of violence, threats of violence, or drug sale or use, there is no real need to protect the public from the defendant. Nor does he pose any danger to the community in any other respect. This obviates the need for consideration of general deterrence and specific deterrence.

A sentence of probation is adequate to satisfy all of the criteria listed in 18 USC 3553 (a)(2), specifically, punishment, deterrence and to promote respect for the law.

*Finally,* the law allows for the imposition of a non custodial sentence in this instance.

## Mitigating Factors
### Aberration in an otherwise law abiding life

This offense is quite certainly an aberration if Mr. Rahman's life. He has spent his life working and helping his family. This is his first and only offense. His participation this offense demonstrates how he was a "fish out of water" with the others involved. He was promised work, picked up from his home and brought to an office. Contracts were put in front of him and he was asked to sign. Initially, he signed his own name to them. He was told that he was to sign another name. Feeling pressured and intimidated, he did the wrong thing.

Upon his arrest, true to his real character, he admitted his participation to agents. This is the antithesis of recidivist behavior.

### Loss suffered thus far

Mr. Rahman spent his entire life building a name, reputation and a career. Days after pleading guilty in this case, he was fired from his job as a contractor for Con Edison, a job that he was being paid a yearly salary of $105,000 per year. He was told that he was fired because he was convicted of a felony. He spent fifteen years of his life building this career it was lost because of his transgression.

In addition, the defendant is part of a tight knit community. The news of his arrest and conviction has spread like wildfire. Each day he is out in the community, he must deal with the shame and embarrassment of his actions and the shoulder the stigma of a felony conviction. He has undergone periods of deep despair and depression (PSR ¶93) because of what he has done.

In short, he has lost everything, his job, a career he spent 15 years to build and his reputation in the community.

### Care for wife and children

Mr. Rahman and his wife have two children and a third on the way. The wife's last pregnancy was difficult so they anticipate at least the possibility of another difficult pregnancy. (PSR ¶87). As such and since there are two minor children. Mizanur Rahman has become the sole breadwinner and caretaker of the family.

Moreover, the family is close knit and tight. I sometimes wish that a Judge could sit with a defendant and his family to personally observe what the probation department and counsel describe when talking about a defendant's family life. In this situation, I believe the nature of the family relation is evident not only because the wife describes it as excellent ( PSR ¶ 87) but also in the statement she made to probation indicating that "she is watching him, to make sure he stays out of trouble." PSR ¶88. This clearly demonstrates a true closeness and a healthy support system.

Moreover, he provides assistance to his mother in Bangladesh. Significantly, the probation department indicated that the defendant's family circumstance may be considered by the Court as a mitigating circumstance. PSR ¶128.

### Pendency of the proceeding and lack of other criminal activity

Mizanur Rahman was arrested in April 2007. He has been on pre-trial supervision since. He has had dutifully complied with all conditions. As stated earlier, he has lived a lawful life during this time period, with no incidents reported by pre-trial services or otherwise. He has spent this time working to support his family, rebuilding his life and atoning for his misdeed.

Mr. Rahman stands before this Court upon sentencing, for all intents and purposes, a different person. He has endured the last two and a half years of shame in the community, monitoring by pre-trial services and not knowing what his fate will be.

---

**Conclusion**

We recognize the charges in this case reflect very severe criminal conduct attributed to some defendants. We ask the court to focus on the fact that Mizanur Rahman had little or no involvement with the overall fraud committed by the principals in this scheme. His involvement was brief, a matter of days in time and at best two transactions.

As per agreement between the government and defense, the applicable guideline level is 13 (*See* letter dated October 6, 2009, *Objections to Pre-sentence Report*). We urge the Court to honor

this plea agreement in the spirit of encouraging future plea agreements and the efficient administration of justice.

      Against the background of this case-the defendant's first conviction, his marital and family status, his gainful and continuing employment in a most difficult financial time within our society, that he did not financially benefit from any of the illegal conduct and the criminal conduct being restricted to anon-violent violations, without being unreasonably presumptuous, we believe that in this case, a non-custodial sentence, such as probation or house arrest, appears to be appropriate. Surely, such a sentence will demonstrate the respect for our laws and allow an accused who, after years of waiting for a conclusion and resolution of a case that has affected every part of his being, to continue in his rehabilitation as an asset to our society.

                                                       Respectfully submitted
                                                       *Michael S. Washor*
                                                       Michael S. Washor

MSW/sk.ak
Encls:
cc: AUSA Stephen Meyer